**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**IN THE MATTER OF THE**
**GUARDIANSHIP OF E.M.,**
**BY AND THROUGH MOTHER**
**AND NEXT FRIEND,**                      Civil Action No.___1:20-cv-223-HSO-JCG
**CARYN SUZANNE MACFADDEN**

**NOTICE OF REMOVAL**

**NOW INTO COURT**, through undersigned counsel, comes United Healthcare Services, Inc. ("United"),[1] and, pursuant to 28 U.S.C. §§ 1331, 1441, 1446 and Local Rule 5(b), and with a full reservation of rights, hereby gives notice of removal of the above-titled action, *In the Matter of the Guardianship of E.M., by and through Mother and Next Friend, Caryn Suzanne MacFadden*, bearing Cause No. 24CH2:19-367(4), from the Chancery Court of Harrison County, Mississippi, Second Judicial District, where it is currently pending, to the United States District Court for the Southern District of Mississippi, Southern Division, on the following grounds:

**Introduction**

1.      E.M., a minor under Mississippi law, was allegedly injured as a result of an automobile accident that occurred in Biloxi, Mississippi on or about May 6, 2019 (the "Accident").

2.      At the time of the Accident, E.M. was a covered person and beneficiary/dependent under the Hot Topic Inc. Choice Plan (the "Plan") administered by United, which Plan has paid approximately $44,985.79 in medical expenses to or on behalf of E.M. for the injuries she

---

[1]      Plaintiff erroneously refers to "United Healthcare/Optum Insurance."

1

sustained as a result of the Accident.

3.      A proposed personal injury settlement was subsequently obtained on E.M.'s behalf from the liability insurer of the third-party tortfeasor involved in the Accident (the "Proposed Settlement").

4.      Thereafter, E.M., by and through her mother and guardian, Caryn Suzanne MacFadden ("Petitioner"), filed a *Petition for Authority to Settle a Minor's Claim* (the "Petition") in the Chancery Court of Harrison County, Mississippi, Second Judicial District, seeking approval of the Proposed Settlement.

5.      As discussed in more detail below, United removes this lawsuit on the basis of federal question jurisdiction because Petitioner's claims and requested relief, as alleged in the Petition, relate to and require interpretation of a self-funded employee health and welfare benefit plan and therefore arise under and are subject to federal law pursuant to the Employee Retirement Income Security Act ("ERISA"), as contained at 29 U.S.C. §1132(a).

## Background and Procedural History

6.      Petitioner commenced this action by filing a *Petition for Authority to Settle a Minor's Claim* in the Chancery Court of Harrison County, Mississippi, Second Judicial District, on or about April 9, 2020 (the "State Court Action").

7.      A Summons and a copy of the Petition were served on United, by and through its registered agent for service of process, CT Corporation System, via process server on June 15, 2020. Thus, this Notice of Removal is timely filed, as it is filed no more than thirty (30) days after United was purportedly served with the Complaint, in accordance with 28 U.S.C. §§ 1441 and 1446.

8.      Pursuant to § 1446(a), true and correct copies of the Summons and Petition served

2

upon United, as well other process, pleadings, and orders in the State Court Action to date, are attached hereto as **Exhibit "A,"** *in globo*.

**Basis for Removal – Federal Question Jurisdiction**

9.      According to the Petition, E.M., who is now "twenty (20) years of age," sustained "severe personal injuries which necessitated immediate care and treatment by a physician" as a backseat passenger in an automobile accident that occurred in Biloxi, Mississippi on May 6, 2019. *See* Petition, ¶¶ I–III, pp. 1–2. The Petition alleges that United "paid for some [of the resulting] medical expenses" in the estimated amount of $44,985.79 "on behalf of said minor" pursuant to an "insurance plan [that] is covered by ERISA," and therefore, United "by law may have a lien" against the proceeds of any personal injury settlement obtained by E.M. in connection with the Accident. *See* Petition, ¶¶ VI, X, pp. 3–4 The Petition further alleges that Safeco Insurance, on behalf of its insured, who was driving during the Accident, has offered to pay "$250,000.00 of liability benefits to E.M., which sum constitutes one half (1/2) [of] the policy limits available in liability coverage," for the "complete settlement" of "any and all claims" arising out of the Accident; however, the Petition also alleges that, because E.M. is a minor, Petitioner "is unable to effectuate and settle" any such claims without court approval under the terms of her Guardianship. *See* Petition, ¶¶ VII–VIII, pp. 3–4.  Accordingly, in her Prayer for Relief, Petitioner prays that the Proposed Third-Party Settlement be approved by the court, and that Safeco Insurance be authorized and directed to pay to Petitioner $250,000.00 "in full and complete settlement of [E.M.'s] claim for liability benefits for the injuries and damages" she sustained in the Accident. *See* Petition, Prayer for Relief, p. 8. Petitioner also requests that an order be entered, "ruling that the ERISA plan" and/or United "should have no subrogation claim on the settlement funds" and

3

that E.M. "is entitled to settlement proceeds of $250,000 notwithstanding liens or assignments, and grant[ing] her any other necessary relief proper in the premises." *See* Petition, ¶ XIII, pp. 6–7.

10.     The "insurance plan" or "ERISA plan" referenced in the Petition is actually the Hot Topic Inc. Choice Plan, a self-funded employee welfare benefit plan that was established pursuant to and governed by ERISA.  Hot Topic is the Plan Sponsor and Administrator for the Plan, while United serves as the Claims Administrator for the Plan. As the claims administrator for the Plan, United is charged with administering the terms of the Plan uniformly in accordance with the requirements of ERISA and regardless of where the Plan participants are situated consistent with ERISA's requirement that ERISA qualified plans be administered uniformly across state lines.

11.     Petitioner, at all relevant times, was a covered person and participant under the Plan within the meaning of ERISA § 3(7), (8). E.M. is the daughter of Petitioner and was also, at all relevant times, a covered person and participant under the Plan within the meaning of ERISA § 3(7), (8).

12.     The Plan provides for payment of a covered person's medical expenses but grants the Plan a right to subrogation and a right to reimbursement where a third party may be legally responsible for the payment of medical expenses or other benefits related to a covered person's illness or injury. In particular, the Plan states:

> **SECTION 11 – SUBROGATION AND REIMBURSEMENT**
>
> The Plan has a right to subrogation and reimbursement.  References to "you" or "your" in this Subrogation and Reimbursement section shall include you, your estate and your heirs and beneficiaries unless otherwise stated.
>
> Subrogation applies when the plan has paid Benefits on your behalf for a Sickness or Injury for which any third party is allegedly to be responsible.  The right to subrogation means that the Plan is substitute to and shall succeed to any and all legal claims that you may be entitled to pursue against any third party for the Benefits that the Plan has paid that are related to the Sickness or Injury for which

PD.29128811.1

any third party is considered responsible.

> The right to reimbursement means that if it is alleged that any third party caused or is responsible for a Sickness or Injury for which you receive a settlement, judgment, or other recovery from any third party, you must use those proceeds to fully return to the Plan 100% of any Benefits you receive for that Sickness or Injury.  The right of reimbursement shall apply to any Benefits received at any time until the rights are extinguished, resolved or waived in writing.

The Plan also makes clear that it has a first priority right to receive payment from the Third Party Settlement, that its rights must take first priority regardless of whether the covered person is made whole, and that it is entitled to recovery from the entire Third-Party Settlement regardless of how the recovery is classified:

> The Plan has a first priority right to receive payment on any claim against any third party before you receive payment from that third party.  Further, the Plan's first priority right to payment is superior to any and all claims, debts or liens asserted by any medical providers, including but not limited to hospitals or emergency treatment facilities, that assert a right to payment from funds payable from or recovered from an allegedly responsible third party and/or insurance carrier.

****

> Regardless of whether you have been fully compensated or made whole, the Plan may collect from you the proceeds of any full or partial recovery that you or your legal representative obtain, whether in the form of a settlement (either before or after any determination of liability) or judgment, no matter how those proceeds are captioned or characterized.  Proceeds from which the Plan may collect include, but are not limited to, economic, non-economic, and punitive damages.  No "collateral source" rule, any "Made-Whole Doctrine" or "Make-Whole Doctrine," claim of unjust enrichment, nor any other equitable limitation shall limit the Plan's subrogation and reimbursement rights.

With respect to parents and guardians, the Plan further provides:

> The provisions of this section apply to the parents, guardians, or other representative of a Dependent child who incurs a Sickness or Injury caused by any third party.  If a parent or guardian may bring a claim for damages arising out of a minor's Sickness or Injury, the terms of this subrogation and reimbursement clause shall apply to that claim.

Finally, the Plan states:

5

> The right to reimbursement means that if it is alleged that any third party caused or is responsible for a Sickness or Injury for which you receive a settlement, judgment, or other recovery from any third party, you must use those proceeds to fully return to the Plan 100% of any Benefits you receive for that Sickness or Injury.  The right of reimbursement shall apply to any Benefits received at any time until the rights are extinguished, resolved or waived in writing.

*See* Complaint, *Hot Topic, Inc. et al v. Caryn Suzanne Macfadden as the Parent and Legal Guardian of E.M.*, Case No. 1:20-cv-217-LG-RHW (S.D. Miss.) (filed July 2, 2020), ¶¶ 22–28 and Exhibit "1" to Exhibit "A" thereto.

13.     Petitioner expressly alleges that the Plan at issue "is covered by ERISA" and that United and/or the Plan "by law may have a lien," while also asserting that the Plan is not entitled to recover the payments it made on behalf of E.M., *a covered person*, from the funds to be paid by the tortfeasor's liability insurer in direct conflict with the ERISA Plan provisions. Petitioner also seeks equitable relief from the Chancery Court (i.e., an order that the Plan "should have no subrogation claim on the settlement funds") which directly implicates ERISA. Specifically, Petitioner seeks to recover plan benefits paid on behalf of E.M. by the Plan free and clear of any lien and to prevent the Plan from being reimbursed in accordance with the ERISA Plan provisions, or from asserting any legal or equitable rights the Plan may have to enforce its rights under ERISA.

14.     Based upon the foregoing, Petitioner's claims clearly fall within the scope of ERISA's civil enforcement statute §502(a), 29 U.S.C. §1132 (a), and are completely preempted by ERISA. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004) (state law cause of action that duplicates, supplements or supplants §502(a) remedies preempted and removeable). As such, the above-described action is one for which this Court has original subject-matter jurisdiction without regard to the amount in controversy or diversity of citizenship, and is one that may be properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

6

15.     This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a), as a "civil action arising under the Constitution, laws, or treaties of the United States," in that the captioned matter involves the interpretation and clarification of rights under a self-funded employee welfare benefit plan established pursuant to ERISA, which preempts Petitioner's state law causes of action and provides the exclusive federal remedy for resolution of claims requiring interpretation of ERISA Plan documents.

16.     Further, a cause of action filed in state court that is preempted by ERISA and comes within the scope of § 502(a) is removable to federal court under 28 U.S.C. § 1441, as an action arising under federal law, even when the ERISA related nature of the action does not appear on the face of the petition. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987) (the preemptive force of ERISA operates to "convert[]" ordinary state law claims into federal claims for purposes of the well-pleaded complaint rule); *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995) ("Because ERISA preemption is so comprehensive, it can provide a sufficient basis for removal to federal court even though it is raised as a defense, notwithstanding the 'well-pleaded complaint' rule."); *House v. Am. United Life Ins. Co.*, 499 F.3d 443, 452–53 (5th Cir. 2007) ("Because we conclude that the disability policy covering House was part of an ERISA plan, House's state law claims for penalties and attorneys' fees are preempted."). Therefore, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a).

17.     Finally, any claim or cause of action stated by Petitioner in her Petition as to which the District Courts of the United States might not otherwise have original jurisdiction are appropriate to be heard by this Court pursuant to the doctrine of supplemental jurisdiction, 28

PD.29128811.1

U.S.C. § 1367, and removal to this Court is appropriate pursuant to applicable law, including 28 U.S.C. § 1441(a).

## Procedural Requirements and Reservation of Rights

18.     The Chancery Court of Harrison County, Mississippi, Second Judicial District, where the State Court Action was filed, is located within the Southern District of Mississippi, Southern Division. Venue is therefore proper in this Court, as any civil action for which a district court has original jurisdiction may be removed to the District Court for the District and Division embracing the place where such action is pending. *See* 28 U.S.C. § 1446(a).

19.     Upon the filing of this Notice of Removal, United will promptly provide notice to the Clerk of Court for the Chancery Court of Harrison County, Mississippi, Second Judicial District, as required by 28 U.S.C. § 1446(d), by filing into the record of the State Court Action a Notice of Filing of Notice of Removal, a copy of which is attached hereto as **Exhibit "B."** United will, at the same time, provide notice to Petitioner pursuant to 28 U.S.C §1446(d) by furnishing a copy of this Notice of Removal and all attachments, including the State Court Action Notice of Filing of Notice of Removal, to Petitioner's counsel of record.

20.     United files this Notice of Removal without waiving any defenses, objections, or obligations that may exist in its favor in state or federal court, including its right to object to jurisdiction over the person, service of process, or the sufficiency of process, and expressly reserves its right to assert any and all defenses and objections to which it may be entitled in subsequent proceedings.

21.     The allegations of this Notice of Removal are true and correct, and as such, this cause of action is removable to the United States District Court for the Southern District of

Mississippi, Southern Division. Therefore, United respectfully request that this Court assume full jurisdiction over this action.

22.     If any question arises as to the propriety of this removal, United requests the opportunity to present written and oral argument in support of removal.

**WHEREFORE**, Defendant, United Healthcare Services, Inc., hereby gives notice that the above-styled civil action has been removed from the Chancery Court of Harrison County, Mississippi, Second Judicial District, to the United States District Court for the Southern District of Mississippi, Southern Division for further proceedings and disposition, and that the parties are to take no further action with regard to this matter in the Chancery Court of Harrison County, Mississippi, Second Judicial District. United also prays that it be granted all such other and further relief as this Honorable Court deems just and proper on the grounds asserted herein.

Dated: July 6, 2020

Respectfully submitted,

PHELPS DUNBAR LLP

By:    s/ *Christine Whitman*
Christine Whitman, MS Bar #104452
PHELPS DUNBAR LLP
2602 13th Street, Ste. 300
Gulfport, Mississippi  39501
Telephone:  228-679-1130
Telecopier:  228-679-1131
Email:  christine.whitman@phelps.com

*Attorneys for United Healthcare Services, Inc.*

PD.29128811.1

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have served a copy of this document by electronic mail and/or United States mail, first-class postage prepaid, to the following:

> Russell S. Gill
> RUSSELL S. GILL, P.L.L.C.
> 638 Howard Avenue
> Biloxi, Mississippi 39530

This, the 6th day of July, 2020.

*s/ Christine Whitman*
CHRISTINE WHITMAN

10